```
                          FILED_____ ENTERED
                 _____LOGGED_____RECEIVED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEB 25 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | * |
| | * |
| One (1) iPhone X in black Otterbox Case | * Case No. 19-0502 BPG |
| ATF evidence item #0022 in IN 768055-18-0028 | * |
| | * |
| One (1) Silver iPhone Model A1453 | * |
| IMEI 352035066876749 | * |
| ATF evidence item #0023 in IN 768055-18-0028 | * |
| | * |
| One (1) Silver iPhone Model A1549 | * |
| IMEI 355792072837811 | * |
| ATF evidence item #0024 in IN 768055-18-0028 | * |
| | * |
| One (1) Samsung Black Flip Phone | * |
| 667-209-2038 Written on back of phone | * |
| ATF evidence item #0025 in IN 768055-18-0028 | * |
| | * |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Rebecca Tomlinson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am assigned to the Office of Field Operations for the Washington Field Division-East, located in Washington, DC. I have been employed as a Special Agent with ATF since August 2007. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy, where I received training in federal firearms and narcotics laws.

2. The facts in this affidavit come from information obtained from other agents and law enforcement officers, witnesses, my knowledge, training and experience, and personal observations.

This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. I make this affidavit in support of an application under Federal Rule of Criminal Procedure 41 for a warrant authorizing the search and seizure of the cellular telephones described further in Attachment A (hereinafter the "TARGET TELEPHONES"), for evidence of violations of 18 U.S.C. § 1951(a) (Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery). The applied for warrant would authorize the forensic examination of the TARGET TELEPHONE for the purpose of identifying electronically stored data particularly described in Attachment B.

4. Based on my knowledge, training and experience and the facts set forth in this affidavit, there is probable cause to believe that evidence, fruits and instrumentalities of violations of 18 U.S.C. § 1951(a) (Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery), will be found in the memory and in the content of the TARGET TELEPHONES, as defined below.

## PROBABLE CAUSE

5. On January 16, 2018, at 12:05pm, Baltimore County Police units were dispatched to the Exxon Gas Station, located at 10540 Reisterstown Road, Owings Mills, Maryland for an armed robbery. Upon arrival, officers located the victim of the robbery lying on the ground in the parking lot, semi-conscious. The victim was 72 years old and was not able to speak with officers at the scene due to significant head injuries. He was transported to the hospital and was diagnosed with multiple skull fractures and a cerebral hemorrhage and was in critical condition. He had no memory of the incident or the time surrounding the incident.

6. Surveillance video from the Exxon Gas Station shows the victim leaving the store with a bag of cash in his possession. As the victim was leaving the store, he stopped to talk to

JESSE ELDER. While speaking to ELDER, two suspects position themselves behind vehicles in the Exxon Gas Station parking lot out of the sight of the victim. After the victim finishes his conversation with ELDER, both suspects emerge from their positions. The suspects immediately push the victim to the ground, causing him to hit his head. The suspects then grabbed the bag of money and fled on foot southbound towards the parking lot of 10526 Reisterstown Road, Owings Mills, Maryland (Northwest Animal Hospital). While fleeing, a witness attempted to trip one of the suspects who lost his black and yellow shoes and continued running. Both suspects got into a silver Infiniti that was parked, but left running, in the parking lot. The suspects then drove southbound on Reisterstown Road.

7. ELDER was interviewed at the scene and told officers he got into his vehicle and attempted to follow the suspect vehicle. ELDER was able to take a picture of the vehicle's tag, which revealed the tag was New York registration ANZ3339. A short time later, a hit and run accident was dispatched in the area of Reisterstown Road and Owings Mills Boulevard with the suspect vehicle being described as a champagne colored Infiniti bearing New York registration ANZ3339. The occupants of the vehicle were never identified and left the scene of the accident. ELDER provided a phone number on the witness statement form that was not his, and then left the scene without signing the statement form. A check of databases determined that ELDER never called 911 despite claiming to witness the incident, follow the vehicle for several minutes, and witness the hit and run.

8. A Court Order for ELDER's call detail records for phone number 443-207-3799 show ELDER completed a call to a cell phone connected to BUTTS, 443-453-8749, a few minutes after the robbery occurred. This is the only call made from the phone after the robbery.

According to the cellular data received for the number, ELDER's phone was in the area of Reisterstown Road in Baltimore City when he made this call and not following the getaway vehicle. Investigators further determined that ELDER had an additional phone number, 443-593-8147. A check of the call detail records revealed this number also had cellular interactions with BUTTS before and after the robbery occurred. Furthermore, according to the call detail records and GPS data, BUTTS' phone, 443-453-8749, was near ELDER's residence before the robbery, in the area of the robbery on January 16, 2018 during the incident, and fled the scene of the robbery down Reisterstown Road and onto 795 as it was previously described.

9. On April 16, 2018, Baltimore County Police received the results of the DNA analysis on the black and yellow shoes that were recovered from the scene of the robbery. A positive CODIS hit matched the DNA sample recovered from the black and yellow shoes to LEVON BUTTS.

10. On August 2, 2018, a federal grand jury for the District of Maryland returned an indictment charging BUTTS and ELDER with violations of 18 U.S.C. § 1951(a) (Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery) and related charges. A federal arrest warrant was issued for BUTTS.

11. On January 30, 2019, a Baltimore County police officer conducted a traffic stop in Gwynn Oak, Maryland on a black Honda Accord with Maryland registration 1DB9544 for having a suspended registration. The officer made contact with the driver, later identified as BUTTS, and BUTTS provided the officer with a Maryland Driver's License for a Dontaye Montez Carter. BUTTS was the sole occupant of the vehicle. During the traffic stop, BUTTS placed the vehicle in drive and drove away at a high rate of speed. The officer followed BUTTS' vehicle in his patrol car.

BUTTS vehicle became disabled and the officer observed BUTTS exit the vehicle and run into a wooded area. A perimeter was established and a Baltimore County Police K-9 was deployed. BUTTS was apprehended via K-9 bite. BUTTS advised that he fled because he knew he had outstanding warrants and that the identification card he provided was his brother's identification.

12. Baltimore County Police Officers recovered four cell phones from inside BUTTS' disabled vehicle (the TARGET TELEPHONES). The cell phones were seized by the officers and were given to ATF to place into evidence. Items seized include, but are not limited to, the following items:

    **a.** **iPhone X in black Otterbox Case placed in ATF evidence as item #0022 in IN 768055-18-0028;**

    **b.** **Silver iPhone Model A1453 with IMEI 352035066876749 placed in ATF evidence as item #0023 in IN 768055-18-0028;**

    **c.** **Silver iPhone Model A1549 with IMEI 355792072837811 placed in ATF evidence as item #0024 in IN 768055-18-0028; and**

    **d.** **Samsung Black Flip Phone with 667-209-2038 Written on back of phone placed in ATF evidence as item #0025 in IN 768055-18-0028.**

13. The TARGET TELEPHONES were taken into ATF custody and were maintained as evidence through proper procedures. The items were placed in ATF evidence and are currently being stored as evidence at the ATF Baltimore Field Division, located at 31 Hopkins Plaza, Baltimore, Maryland.

14. I know from my training and experience that electronic devices such as cellular telephones often contain stored information, including but not limited to text messages, chat logs,

photographs, phone records, physical location data and internet search data. Additionally, evidence gathered in this case has revealed that the co-defendants communicated via cellular telephone before and during the robbery. Therefore, there is probable cause to believe that the TARGET TELEPHONES may contain further communications between the individuals identified *supra* and others yet to be identified. Therefore, I submit there is probable cause to believe that the TARGET TELEPHONES described in Attachment A will contain information relevant to the investigation of the January 16, 2018 robbery of the Exxon Gas Station, located at 10540 Reisterstown Road, Owings Mills, Maryland.

15. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, your affiant submits there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16. Based on information above, I respectfully submit there is probable cause to believe that 18 U.S.C. § 1951(a) (Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery) was committed by LEVON BUTTS. Further, there is probable cause to believe that evidence of the aforementioned criminal violations is contained in the TARGET TELEPHONES.

I affirm under penalty of perjury that the facts and circumstances outlined in this affidavit are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

Rebecca J. Tomlinson
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this ___8 TH___ day of February, 2019

THE HONORABLE BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

7

19 - 0 5 0 2 BPG

## ATTACHMENT A

The property to be searched is:

a. iPhone X in black Otterbox Case placed in ATF evidence as item #0022 in IN 768055-18-0028;

b. Silver iPhone Model A1453 with IMEI 352035066876749 placed in ATF evidence as item #0023 in IN 768055-18-0028;

c. Silver iPhone Model A1549 with IMEI 355792072837811 placed in ATF evidence as item #0024 in IN 768055-18-0028; and

d. Samsung Black Flip Phone with 667-209-2038 Written on back of phone placed in ATF evidence as item #0025 in IN 768055-18-0028.

This warrant authorizes the forensic examination of these devices for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

The item described in Attachment A may be searched for the following items, which may be seized:

1. All information that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 1951(a) (Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery) that may have been committed, including:

   a. All records, information and communications relating to communication or contact between JESSE ELDER and LEVON BUTTS and other individuals involved in or related to the commission of the crimes under investigation;

   b. All records, information and communications regarding the carrying out of the crimes under investigation;

   c. Evidence indicating how and when the device was accessed or used, to determine the chronological and geographic context of device access, use, and events relating to the crimes under investigation and to the device owner or users;

   d. Evidence indicating the device owner or user's state of mind as it relates to the crimes under investigation;

   e. The identity of the person(s) who owned or used the device, including records that help reveal the whereabouts of such person(s);

   f. Evidence about the proceeds of the crime, including bank records, checks, credit card bills, account information, and other financial records;

   g. Telephone contact logs and phone/address books;

   h. Photographs that depict possible clothing of the suspects.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, photographs, videos, and browsing history;

With respect to the search of any of the items described in paragraphs 1 above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including any cellular device or personal data assistant), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls

within the items to be seized):

    a.    surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b.    "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.    "scanning" storage areas to discover and possible recover recently deleted files;

    d.    "scanning" storage areas for deliberately hidden files; or

    e.    performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation

If after performing these procedures, the directories, files or storage areas do not reveal evidence that is sizable under this warrant, the further search of that particular directory, file or storage area, shall cease.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.